UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FELIX L. ALANIZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>JEROME COUNTY JAIL and<br>JEROME COUNTY SHERIFF'S<br>DEPARTMENT,<br><br>                    Defendants. | Case No. 4:23-cv-00261-DCN<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Felix L. Alaniz was a pretrial detainee in custody of the Jerome County Jail at the time he filed his Complaint, but he has filed a change of address showing that he has been released from jail. Dkts. 3, 5. He complains that, while housed at the jail, he was required to stand up for long periods of time, causing him serious leg pain. Dkt. 3. He states that he exhausted his administrative remedies as to this issue, and that jail officials and medical staff never resolved the problem during his detention. Plaintiff asserts that Defendants continuously imposed this requirement upon him and ignored his complaints of pain, violating his constitutional rights.

All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a

frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff must (1) file an amended complaint to provide additional facts; and (2) update his financial status by filing a new in forma pauperis application or paying the filing fee. No person is permitted to proceed in federal court without taking financial responsibility for the filing of a civil lawsuit.

## REVIEW OF COMPLAINT

### 1. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action

under the Amendments of the United States Constitution.

It is unclear whether Plaintiff was a convicted felon or a pretrial detainee at the time of his incarceration at the jail. Plaintiff's status at the time of the alleged violation must be clarified when Plaintiff files an amended complaint, because a different legal standard applies to each status.

The Eighth Amendment's Cruel and Unusual Punishment Clause applies only to convicted felons. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016). The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when a detainee's conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). However, this is not a strict liability or a negligence standard. The United States Court of Appeals for the Ninth Circuit recently explained that a pretrial detainee conditions of confinement claim must state facts alleging that the government action caused "the detainee to suffer some harm or 'disability,'" and it must also state facts showing that the purpose of the governmental action was to punish the detainee. *Vazquez v. County of Kern*, 949 F.3d 1153, 1163 (9th Cir. 2020). "[T]o constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." *Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (citation omitted). If facts showing that such harm was inflicted on a pretrial detainee, the court next considers "whether this harm is imposed 'for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.'" *Id*. (citation omitted).

To bring a § 1983 claim against a local governmental entity, a plaintiff must allege

that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, to bring a § 1983 claim against a municipality performing a state function, the plaintiff must alleged facts showing that: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to [objective] deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs*., 237 F.3d 1101, 1110-11 (9th Cir. 2001) (parenthetical added); *see Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (holding that *objective* deliberate indifference applies to pretrial detainees, applying *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)).

## 2. Discussion

Because Plaintiff has named only municipal entities as defendants, he must show that he was required to stand for lengthy periods of time as the result of a jail policy or custom, and not because individual jail staff imposed a standing requirement on Plaintiff, based on staff members' own judgment. He must also state facts showing that staff were intending to punishment him by imposing a standing requirement, and that the standing requirement was not simply a regular incident of jail life imposed on all inmates.

If Plaintiff is alleging that certain individual jail staff members knew of a particular

medical condition that caused Plaintiff excessive pain with standing, and yet they ignored his notice to them that standing was exacerbating his medical condition, then he may substitute the names of the jail staff as defendants rather than sue the entities.

In addition, Plaintiff must take financial responsibility for his case by either paying the filing fee in full or completing and submitting a new in forma pauperis application that shows his current expenses and income.

## INSTRUCTIONS FOR AMENDMENT

If Plaintiff chooses to amend the Complaint, he must remedy the deficiencies set forth above. He must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended complaint completely replaces the original complaint.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

## ORDER

**IT IS ORDERED**:

1.    Plaintiff must file an amended complaint that remedies the deficiencies set forth

INITIAL REVIEW ORDER BY SCCREENING JUDGE - 5

above within **30 days** after entry of this Order.

2.     Plaintiff's current Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT.

3.      Plaintiff must submit a new in forma pauperis application within **30 days**, showing his current income and expenses, including the income and expenses of any roommates or other adults living in his residence who contribute to joint expenses, such as rent and utilities. If he is no longer a pauper, he must pay the filing fee of $402 within **30 days**.

4.     If Plaintiff fails to file a pauper application or pay the filing fee within 30 days after entry of this Order, or if he fails to file an amended complaint within that time frame, this case will be dismissed without prejudice without further notice.

5.     The Clerk of Court shall provide Plaintiff with a non-prisoner in forma pauperis form with his copy of this Order.

DATED: December 18, 2023

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCCREENING JUDGE - 6